O. M. MUNROE, Respondent, v. M. F. HERRINGTON, Appellant.

### St. Louis Court of Appeals, March 3, 1903.

Justice Court: APPEAL: NOTICE OF APPEAL, SUFFICIENT.   The purpose of section 4074, Revised Statutes 1899, in requiring a notice of an appeal to be given the appellee, is to apprise him of the fact that an appeal has been taken, and when such notice states the style of the cause and the name of the justice rendering the judgment, the failure to state the date of the judgment will not invalidate such notice, but it is sufficient.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED *(with directions).*

Munroe v. Herrington.

STATEMENT.

The case is here on a full transcript. The abstracts of the record made by defendant (appellant) are some-what deficient, but not so much so as to authorize the court to sustain plaintiff's motion to dismiss the appeal.

The suit was on a promissory note and originated before W. A. Hill, a justice of the peace in Jefferson county, Missouri. On the twenty-seventh day of April, 1901, Justice Hill rendered judgment against the defendant by default. On the sixth day of May following, defendant filed with the justice his affidavit and bond for appeal. The appeal was duly allowed returnable to the September, 1901, term of the Jefferson Circuit Court.

At the September term, 1901, the cause was continued—according to the judge's minutes, "by order of the court;" according to the record entry made by the clerk, "by agreement of the parties." The entry by the clerk, however, was evidently a mistake as shown by the judge's minutes and other evidence that was introduced.

At the January term, 1902, and on the thirteenth day of said month, plaintiff moved the court to affirm the judgment of the justice on the ground that defendant had failed to serve him with notice, of the appeal, in writing ten days before the beginning of the second term of the court after the appeal had been taken, as required by section 4074, Revised Statutes 1899. In opposition to the motion, defendant offered and read in evidence the following notice of appeal and return thereon:

"Before Willis A. Hill, justice of the peace, within and for Central township, Jefferson county, State of Missouri: O. M. Munroe, plaintiff, v. M. F. Herrington, defendant. You are hereby notified that I have

Vol 99 app—19

taken an appeal from the judgment of the justice in the above entitled cause to the circuit court of the county of Jefferson. This 25th day of November, 1901.          M. F. Herrington, Appellant.

"State of Missouri, County of Jefferson, ss.: M. F. Herrington, of lawful age, being duly sworn, on his oath says that he served the within notice on O. M. Munroe, therein named, in the county of Jefferson, State of Missouri, at De Soto, by delivering to him a true copy thereof on the 25th day of November, 1901.
                    "M. F. Herrington."

Defendant also offered and read in evidence the following affidavit:

"Sam Byrns and J. F. Green, being duly sworn, on their oath, state that they are the attorneys for the defendant in the above entitled cause, that they have examined the papers and record in the case of the plaintiff against the defendant, and have been advised by the defendant on the facts concerning the execution and transfer of the note which is the basis of the action in said cause and have advised said defendant that they believe he is not liable in said action on said note, and further state that they believe that said defendant has a complete and perfect defense in said cause against the alleged cause of action of the plaintiff.
                    "Sam Byrns,
                    "J. F. Green.

"Subscribed and sworn to before me this 17th day of January, A. D. 1902.
                    "A. T. Brewster,
                    "Clerk of the Circuit Court."

The court adjudged the notice of appeal insufficient and affirmed the judgment of the justice. Defendant's motion to vacate the order affirming the judgment of the justice and for new trial being of no avail, he appealed.

*James F. Green* and *Sam Byrns* for appellant.

(1) There was only one plaintiff and one defendant in this case and one judgment. Herrington, the defendant, took the appeal; Monroe, appellee. The appellant gave him "notice in writing stating the fact that an appeal has been taken from the judgment therein specified." The notice was sufficient. Sec. 4074, R. S. 1899. For form of notice see notice of appeal, form 168, in "Forms Adapted to the Laws of Missouri," on page 41 of forms, volume 1, of the Revised Statutes 1899. Holshen Coal Co. v. Railroad, 48 Mo. 578. (2) The following cases are cited here, not for their analogy to the case at bar; but, because they embrace the whole line of adjudicated cases in this State, on the subject of defective notice of appeal from judgment of justice of the peace. This case does not fall within the line: Tiffin v. Millington, 3 Mo. 418; McGinnis v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Cella v. Schnairs, 42 Mo. App. 316; Smith Drug Co. v. Hill, 61 Mo. App. 680; 82 Mo. App. 339.

*E. J. Bean, Dinning & Hamel* for respondent.

(1) The statement filed by appellant, can not be tortured into an abstract of the record, or "a clear and concise statement of the pleadings and facts shown by the record." The Kansas City Court of Appeals, in the case of Dixon v. Thomas, 91 Mo. App. 365, speaking on the subject, said: "The appeal will have to be dismissed since the defendant has utterly failed to file an abstract of the record as required by our rule 15. It is true he has filed a book entitled "Statement" which doubtless meets the requirement of the statute (R. S., sec. 863). But a statement is not an abstract and the filing of the one does not meet the requirement for filing the other." McCullom v. Ulen, 87 Mo. App. 607; State ex rel. v. Reynolds, 82 Mo. App. 153. Section 4074, Revised Statutes, says: "The appellant shall serve the appellee . . . with a notice in

writing, stating the fact that an appeal has been taken from the judgment therein specified.'' Mr. Wade, on the Law of Notice, section 1211, says: ''Appeals were held to be properly dismissed for the slightest variation from the statutory requirements in the matter of describing the case . . . or any other essential particular.'' (2) This court, in the case of Hammond v. Kroff, 36 Mo. App. 121, on this subject, said: ''The notice of appeal is a thing apart from the actual knowledge which a party may have, that an appeal has been taken, and great particularity is required in such notices. . . . The misrecital of the initial letters of the defendant's name was held to be a fatal defect which could not be cured by oral evidence in the circuit court. . . . The statute requires a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified.'' (3) Section 4074, supra, in terms says, that the notice shall specify therein the judgment from which an appeal has been taken. In the case of State to use v. Hammond, 92 Mo. App. 236, the Kansas City Court of Appeals, speaking on this subject, said: ''The function of such notice is very much the same as that of an original summons. It must describe the cause in which the appeal is taken, otherwise it will be insufficient to confer jurisdiction.''

BLAND, P. J.—The only question presented by the record for decision is, whether or not the notice of appeal was sufficient. The statute (section 4074, supra) requires that such notice be in writing ''stating the fact that an appeal has been taken from the judgment therein specified.'' The notice given by defendant stated the style of the cause in which the judgment appealed from was rendered and the name of the justice who rendered the judgment. The only defect, if any, in the notice is an omission to state the date on which the judgment appealed from was rendered. This omission could not have raised a doubt in defendant's

mind as to what judgment the appeal was taken from, unless he had recovered more than one judgment against the defendant, at or about the same time, before justice Hill. He offered no evidence that any judgment other than the one appealed from had been rendered by justice Hill in his favor against the defendant. The fair inference is that he had recovered but the one judgment, the one from which the appeal was taken.

The purpose of the statute, in requiring notice of an appeal from a justice's court taken subsequent to the day on which the judgment was rendered, is to apprise the successful party of the fact that an appeal has been taken. The statute prescribes no specific form of notice and we think that a notice is good if it sufficiently describes the judgment appealed from to reasonably identify it, and informs the successful party that his adversary has appealed. Such a notice would be a substantial compliance with the statute and would meet the demands of justice; the law requires nothing more.

We think the notice of the appeal was sufficient and reverse the judgment and remand the cause with directions to the circuit court to set aside its judgment and to overrule the plaintiff's motion to affirm. All concur.