REBECCA A. COWHICK, Plaintiff in Error, v. JOHN T. JACKSON, Defendant in Error.

Kansas City Court of Appeals, January 9, 1912.

JUSTICE OF THE PEACE: Appeal: Notice. The following is a sufficient notice of an appeal from a justice of the peace to the Circuit Court:

"Rebecca A. Cowhick, Plaintiff,

v.

John T. Jackson, and others, Defendants.

Before Theodore Remley, Justice of the Peace.

To Rebecca Cowhick and A. S. Marley, her attorney:

You are hereby notified that defendant John T. Jackson has taken an appeal from the judgment of the Justice in the above entitled cause to the Circuit Court of Jackson County, and State of Missouri.

March 17, 1909.

JOHN T. JACKSON, Defendant,
By his attorney, L. T. Collier."

Error to Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*Marley & Grover* for plaintiff in error.

*L. T. Collier* for defendant in error.

ELLISON, J.—This action was begun before a justice of the peace to recover on a promissory note. The defendants were John T. Jackson, Nellie G. Shreves and W. S. Shreves. Judgment was rendered for the plaintiff and defendant Jackson appealed to the circuit court. In the latter court plaintiff moved to dismiss the appeal for the reason that no proper notice thereof was given to her. The trial court overruled the motion. A bill of exceptions to the action of the court was signed and filed at that term, and the cause continued to the next term. At the latter term plaintiffs did not appear and the case was dismissed for want of prosecution. Plaintiff then secured a writ of error to this court, where the writ was dismissed as not being founded on a final judgment. [137 S. W. 1003.] Plaintiff then sued out the present writ of error and complains that the trial court erred in holding the notice to be sufficient.

The notice reads as follows:

"Rebecca Cowhick, Plaintiff,

v.

John T. Jackson, and others, Defendants.

Before Theodore Remley, Justice of the Peace.

To Rebecca Cowhick, and A. S. Marley, her attorney:

You are hereby notified that defendant John T. Jackson has taken an appeal from the judgment of the justice in the above entitled cause to the circuit court of Jackson county and State of Missouri.

March 17th, 1909.

John T. Jackson, Defendant,

By his attorney, L. T. Collier."

. Our statute (Sec. 7582, R. S. 1909) requires notice of an appeal "in writing, stating the fact that an appeal has been taken from the judgment therein specified," and we think the foregoing notice fulfills the statute. None of the decisions in this state cited by plaintiff say that a notice like the one set out is insufficient. In some of the cases there is a misleading misdescription and they do not apply here: Tiffin v. Millington, 3 Mo. 418; Clay v. Turner, 135 Mo. App. 596; McGinniss v. Taylor, 22 Mo. App. 513; Smith Drug Co. v. Hill, 61 Mo. App. 680; Cooper v. Insurance Co., 117 Mo. App. 423. Other cases cited by plaintiff we think against her view, among others these: Munroe v. Herrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App. 670.

There is a statement in State to use v. Hammond, 92 Mo. App. 231, that the Latin abbreviation "et al.," standing for the second defendant in a cause, would render a notice invalid. That remark was not necessary to a decision of the case. Indeed the entire case has been shown to be not properly decided: Drake v. Gorrell, 127 Mo. App. 636.

In our opinion the notice of appeal was sufficient, and the judgment is affirmed. All concur.