## EUGENE RAINEY, Respondent, v. REORGANIZED CHURCH OF JESUS CHRIST, THE LATTER DAY SAINTS, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed May 3, 1921.

**JUSTICES OF THE PEACE: Notice of Appeal: Sufficiency.** Under section 2905, Revised Statutes 1919, no particular form of notice of appeal from a justice court is required, and where a suit was originally instituted before a justice of the peace by plaintiff against a corporation and an individual, as defendants, and the justice after hearing the case found in favor of plaintiff as against the defendant corporation and dismissed the case as to the other defendant, a notice of appeal from the judgment of the justice which failed to style the case as originally instituted, in that it omitted the name of the individual defendant and the word, corporation, after the other defendant, and also failed to mention the amount of the judgment or the date upon which it was rendered, sufficiently notified the plaintiff below that the defendant had taken an appeal therein to the circuit court in the case in which judgment had been rendered before the justice.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Vital W. Garesche,* Judge.

REVERSED AND REMANDED.

*Walter Diehm,* for appellant.

(1) The notice of appeal in question was sufficient and valid in every respect, and the circuit court erred when it sustained the respondent's motion to affirm the judgment of the justice of the peace. Igoe v. Bradford, 110 Mo. App. 670; Holscher Coal Co. v. Mo. Pacific R. R. Co., 48 Mo. App. 578; Cowhick v. Jackson, 161 Mo. App. 459; Reinhardt Grocery Co. v. Rust, 185 Mo. App 279; Collier v. Langan & Taylor, 128 Mo. App. 113; Munroe v. Herrington, 99 Mo. App. 288; Davenport Vinegar & Pickling Works v. Shelley, 217 S. W. 267; Shwayder v. Altenberg, 191 S. W. 1121. (2) The sole purpose of a notice of appeal is to notify the adverse party that an appeal has been taken; and if by a fair and reasonable interpretation of the notice, it informs the opposite party that an appeal has been taken, it is sufficient. See cases cited under Point 1. (3) Any alleged insufficiency in the notice of appeal, assuming this court should hold said notice defective, was waived and cured by the respondent in accepting service of the notice through his attorney and following up this acceptance by the filing of his motion to affirm the judgment of the justice. Said motion to affirm admitted in express terms that a notice of appeal had been given by this appellant, and merely complained of its alleged insufficiency, but fully described the justice's judgment in every detail, supplying the very omissions complained of in appellant's notice. Respondent is estopped by his own conduct from questioning our notice. Davenport Vinegar & Pickling Works v. Shelley, 217 S. W. 267; Holschen v. R. R. Co., 48 Mo. App. 578; Cella v. Schnairs, 42 Mo. App. 316; Igoe v. Bradford, 110 Mo. App. 670-675; Bigler v. Walker, 12 Wall., 79 U. S. 142; Tripp v. Santa Rosa R. R. Co., 144 U. S. 129. (4) *Optima enim est legis interpres consuetudo.* (Usage is the best interpreter of the law). 2 Inst. 18; Broom Max. 931. The form of notice involved in this case is almost an

exact copy of the form of notice found in the appendix to our statutes (Vol. 3, Revised Statutes 1919, page 4316, form No. 78). It is the exact form which has been carried into every revision of the statutes begining with the revision of 1855, where it is found on page 1666, form No. 176.

*Thomas L. Anderson* for respondent.

(1) No notice of appeal was ever given by the corporation. The notice of appeal fails to set out the proper parties in the orignal suit who were defendants This failure to describe the defendant is fatal. The statute requires that the notice of appeal be given by the appellant. Smith Drug Co. v. Hill, 61 Mo App., 684; Reinhart Grover Co. v. Rust, 185 Mo. App. 279; Comstock v. Packing Co., 171 Mo. App 420; R. S. of Mo. 1919, section 7582-7584; Hoffman Bros. Piano Co. v. Morris, 190 Mo. App. 387. (2) The statute expressly provides that the judgment from which the appeal is taken must be "specified." This judgment is not specified because it fails to name any amount whatever. Webster defines specify as "to mention or name as a particular thing; to designate the word so as to distinguish from other things." To specify or describe a judgment you must do the following things: First. Set out the parties to the judgment. Second. The Judge who rendered the judgment. Third. What the judgment was, to-wit, the amount.

BECKER, J.—Plaintiff below, in a suit on a contract, obtained judgment, on March 1, 1918, for $500, against the defendant before the justice of the peace. An appeal was taken to the circuit court where the judgment was affirmed for alleged insufficiency of notice of appeal. Defendant in due course brings this appeal.

The transcript of the record filed by the justice of the peace in the circuit court shows that the style of the

suit as originally instituted before the justice was, "Eugene Rainey, plaintiff, v. Reorganized Church of Jesus Christ, the Latter Day Saints, a corporation, and Thomas J. Elliott, defendants," and that the justice, after hearing the case, found in favor of plaintiff as against the defendant corporation (appellant here) in the sum of $500, and costs, and dismissed the case as to the other defendant, Thomas J. Elliott.

The sole question for our determination under this record is whether a sufficient notice of appeal from the judgment rendered by the justice of the peace was served. The notice of appeal in question is as follows:

"Before James P. Miles, Esq., Justice of the Peace,
        6th District, City of St. Louis, Mo.

"EUGENE RAINEY, Plaintiff,

        v.

"REORGANIZED CHURCH OF JESUS
    CHRIST, THE LATTER DAY
    SAINTS, Defendant.

"To Eugene Rainey or Thomas L. Anderson, his Attorneys:

        You are hereby notified that the undersigned has taken an appeal to the circuit court of the city of St. Louis, Missouri, from the merits of the judgment of the justice rendered in the above-entitled cause.

"Dated March 7, 1918.

        "(Signed) REORGANIZED CHURCH OF JESUS,
                CHRIST, THE LATTER DAY SAINTS
                    By WALTER DIEHM,
                            Its Attorney.

"Received a copy of the within notice this 11th day of March, 1918.

        (Signed) THOS. L. ANDERSON."

It is argued that the style of the case as set up in the notice of appeal omits the name of Thomas J. Elliott

as one of the defendants, and also omits the word, "corporation" after the other defendant, and that since the notice fails to mention the amount of the judgment, or the date upon which it was rendered, the notice of appeal does not comply with the requirements of the statute.

Upon the authority of the recent case of Davenport Vinegar & Pickling Works v. Shelley, 217 S. W. 267, we must rule this contention of learned counsel for respondent against him.

The learned trial judge, in passing upon plaintiff's motion to affirm the judgment, had before him and followed the case of Davenport Vinegar & Pickling Works v. Shelly, 196 S. W. 1035, an opinion by this Court, which case, however, was certified to the Supreme Court as being in conflict with other decisions of this court and of the Springfield Court of Appeals. In the majority opinion of this court a notice of appeal from a judgment rendered by a justice of the peace was held to be insufficient, but our Supreme Court in its opinion (217 S. W. 267) held *contra*. This latter opinion of the Supreme Court was not before the learned trial judge at the time this motion to affirm the judgment was before him.

In that case our Supreme Court, in the course of its opinion, in adverting to the theretofore strict construction of the statute providing for notice of appeal from judgments rendered before a justice of the peace, ruled that "the decisions of the several Courts of Appeals so strictly construing the statute appear to claim support in the ancient case in this court of Tiffin v. Millington, 3 Mo. 419. . . . There is nothing in that case to justify the strict requirements which have appeared in later decisions."

It is to be noted that section 2905, Revised Statutes of Missouri, 1919 (section 7582, Revised Statutes of Missouri, 1909,) does not require any particular form of notice of appeal from a justice court, and as was said in Munroe v. Herrington, 99 Mo. App. 1. c. 293; 73 S. W. 221; "The purpose of the statute . . . is to apprise the

successful party of the fact that an appeal has been taken. The statute prescribes no specific form of notice and we think that notice is good if it sufficiently described the judgment appealed from to reasonably identify it, and informs the successful party that his adversary has appealed. Such a notice would be a substantial compliance with the statute and would meet the demands of justice; the law requires nothing more.''

After an examination of the notice under discussion we are satisfied, in light of all the circumstances in the case, that despite the errors complained of, it sufficiently notified the plaintiff below that the defendant had taken an appeal therein to the circuit court in the case in which judgment had been rendered before the justice, and that the plaintiff's motion, in the circuit court, to affirm the judgment of the justice for failure to give sufficient notice under the statute should 'have been overruled.

In arriving at this conclusion we bear in mind that it is not claimed that there was any other suit pending between the same parties, nor that the attorney, upon whom the notice was served, had not been the attorney for plaintiff in said suit when tried before the justice. The same attorney filed the motion to affirm in the circuit court, which motion is based, not on the ground that no notice of appeal in the cause had been given, but on the ground that no proper and sufficient notice had been served upon plaintiff, as required by statute. In said motion the same error complained of in defendant's notice of appeal appears, namely, that the caption thereof omitted the name of "Thomas J. Elliott" as one of the defendants. This omission of the name, under the facts in this case, we hold is immaterial since the justice had dismissed plaintiff's case below as against the said defendant, Elliott, and we hold the same view with reference to the omission of the word "corporation" after the name of the other defendant. [See Teasdale & Co. v. American Fruit Produce Co., 120 Mo. App. 584, 97 S. W. 655.]

It cannot be doubted but that plaintiff was fully informed by the notice itself that it was served as and for a notice of appeal in the case in which the attorney filed the said motion to affirm. Nowhere in the brief or argument before us by learned counsel for respondent was it suggested that the notice of appeal, by reason of the various insufficiencies complained of, failed to fully inform the plaintiff of the fact that defendant below had in point of fact taken an appeal in the said particular case, but the sole argument is based upon the bare technicality that the said notice, in the several ways pointed out, did not comply strictly with the requirements of the statute.

In light of what we have said above the judgment of the circuit court in sustaining plaintiff's motion to affirm the judgment should be and the same is hereby reversed and the cause remanded. *Allen, P. J.,* concurs.