WESTERN EMPLOYMENT COUNSELORS ASSOCIATION, A CORPORATION, APPELLANT, v. MILTON G. SEVERINGHAUS, RESPONDENT.—170 S. W. (2d) 950.

Kansas City Court of Appeals. May 3, 1943.

*Lancie L. Watts* for appellant.

*David M. Proctor* for respondent.

SHAIN, P. J.—This is an appeal by plaintiff from the action of the circuit court of Jackson County, Missouri, refusing to affirm the judgment of the justice of the peace court in its behalf and against defendant. The plaintiff alleges failure of the defendant to give proper notice of taking of appeal as provided by Sections 2741, 2742 and 2743, Revised Statutes of Missouri, 1939.

The facts pertinent to the issue are that the Western Employment Counselors Association, a corporation, plaintiff, filed in the justice of the peace court of Duvaul P. Strother, a justice of the peace in Jackson County, Missouri, a suit, based upon contract, against Milton G. Severinghaus, defendant.

Due process was had and the aforesaid defendant duly filed an answer and counterclaim.

The record discloses that on July 15, 1941, a default judgment was had against defendant, Severinghaus, and said defendant's counterclaim was dismissed. Thereafter, and on July 25, 1941, defendant filed affidavit for appeal and appeal bond. Said bond was duly approved and appeal allowed to the circuit court of Jackson County, Missouri. Thereafter, and on January 19, 1942, the appeal was filed and lodged in the circuit court of Jackson County, Missouri.

The issue before us for review involves notice of appeal given by the defendant and served upon the attorney of plaintiff. Concerning same, the record showing is as follows, to-wit:

"In the Circuit Court of Jackson County at Kansas City, Missouri. To the September Term, 1941. Western Employment Counselors Association, a corporation, Plaintiff vs. M. G. Severinghaus, Defendant. No. 481,470.

## "NOTICE OF APPEAL.

"To the above named plaintiff, appellee, or its attorney of record:

"You are hereby notified that the above named Defendant has taken appeal from the judgment of Duvaul P. Strother in the above entitled cause to the Circuit Court of Jackson County, at Kansas City.

"DAVID M. PROCTOR, JR.,

"Attorney for Appellant.

"I, the undersigned attorney of record for the above named appellee, do hereby acknowledge receipt of the within notice of appeal this 6th day of September, 1941.

"LEO F. SEBUS,

"Attorney for Appellee.

"On the back is stamped: 'Filed Mar. 13, 1942. Bernard T. Flannery, Clerk, by ......................, Deputy.' "

This cause coming on for hearing in the circuit court of Jackson County, Missouri, the plaintiff, limiting its appearance for the purpose of challenging jurisdiction, filed a motion to affirm the judgment of the justice of the peace for failure of the defendant to give a sufficient notice of appeal. The plaintiff made contention that the notice of appeal, *supra,* did not comply with the provisions of sections 2741, 2742 and 2743, Revised Statutes Missouri 1939.

The trial court ruled against plaintiff and held notice, *supra,* to be sufficient. The plaintiff stood upon its motion and refused to take further action, and the trial court dismissed plaintiff's case, with costs.

Within due time plaintiff filed a motion to set aside said dismissal and, thereafter, the trial court overruled said motion and the plaintiff duly appealed.

We will continue to refer to appellant as plaintiff and respondent as defendant.

### OPINION.

Plaintiff assigns as error the judgment of dismissal of its cause and the holding of the court that the notice of appeal, *supra,* was sufficient.

Gleaned from the record, Leo F. Sebus is shown to have been counsel for plaintiff in the justice of the peace court and David M. Proctor, Jr., attorney for defendant.

Showing of the record justified the conclusion that plaintiff had pending in the justice of the peace court only one suit against the defendant.

The provisions of Section 2741, Revised Statutes 1939, pertinent to the issue herein, are as follows:

".  .  . The appellant shall serve the appellee at least ten days before the first day of the term at which the cause is to be determined with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified."

Section 2742 refers to steps to be taken at the first term of the circuit court after the appeal is taken from the justice of the peace court.

Section 2743 is as follows:

"If not given before second term, judgment shall be affirmed, etc. If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is

taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

Appeals being by statutory provision alone, it follows that the provisions of the statute as to appeal taken from the justice of peace court are mandatory.

In the case at bar a notice was duly served on plaintiff's attorney in due time. The question now before us for review is as to whether or not the notice, *supra*, is sufficient to meet the requirement imposed by the legislative act.

It will be noted that the sections herein involved do not attempt to set forth any specific form of notice. The requirements are that notice shall be in writing and must be given within ten days before the first day of the term of the circuit court at which the cause is to be determined and the notice shall state that an appeal has been taken. Further, the notice must state that the appeal is from the judgment therein specified.

. Sections 2741-2 and 3, *supra*, were enacted for the salutary purpose of protecting the prevailing party in a justice of peace suit from being deprived of the benefits of his judgment by secret procedure of the losing party which does not fairly inform the prevailing party in the justice of peace court of the facts required in Section 2741. A failure to give notice as per Section 2741, should result in accordance with Section 2743, *supra*.

The salutary provision of the sections herein involved should not be nullified by mere phraseology, if the language used gives to the one who has secured a judgment in the justice of peace court a reasonable notice that will enable him to properly protect himself in the court and at the term where issues involved are to be determined, such a notice serves the salutary provisions of the act.

The question involved herein has often been before the appellate courts of this State. Owing to the fact that the wording of the notices involved vary in expression, there is language in court opinions that are apparently conflicting unless the reader differentiates as to phraseology in each case. Further, there is one opinion, which we will discuss later, that is in conflict with the weight of authority on the requisites of written notice.

It was held by the St. Louis Court of Appeals in Munroe v. Herrington, 99 Mo. App. 288, that the omission of date on which the judgment appealed from was not fatally defective.

In Rainey v. Reorganized Church of Jesus Christ of the Latter Day Saints, 231 S. W. 1017, the name of one of the defendants was not given in the notice, the amount of the judgment not stated, and the date of rendition of judgment not given.

The St. Louis Court of Appeals, in reviewing the above case, states as follows:

"After an examination of the notice under discussion, we are satisfied, in light of all the circumstances in the case, that despite the errors complained of, it sufficiently notified the plaintiff below that the defendant had taken an appeal therein to the Circuit Court in the case in which judgment had been rendered before the justice."

In Wolf v. Marples, 231 S. W. 1019, the following appears:

"While it is to be regretted that counsel inadvertently at times serve notices of appeal which contain inaccuracies and omissions, yet, since Sec. 2905, R. S. Mo. 1919 (Sec. 7582, R. S. Mo. 1909), does not require any particular form of notice of appeal from a justice court, a notice should be held good 'if it sufficiently describes the judgment appealed from to reasonably identify it, and informs the successful party that his adversary has appealed.' "

In Igo v. Bradford, 110 Mo. App. 670, this court said of the statutory notice, as follows:

"This does not mean that a strained and unduly technical consideration is to be applied to the language employed. The object of the notice is to notify and if, under a fair and reasonable interpretation, it does this, it should not be held insufficient because of other possible but unnatural meanings which might be twisted out of it by an ingenious mind."

In Davenport Vinegar & Pickling Works v. Shelley, 217 S. W. 267, the opinion by the Supreme Court states as follows:

"The question for determination is whether the notice served would necessarily inform the plaintiff of the identity of the judgment appealed from, and whether in fact it did so inform the plaintiff."

In the above opinion it is also said:

"The purpose of the notice required by Sec. 7582, R. S. 1909, it has been held, is to notify; that is, to inform the person notified of a fact. When a person knows of a thing, he has notice of it, and no one needs notice of what he already knows."

The plaintiff, appellant herein, cites authority to the effect that the giving of the notice is jurisdictional. Such is the law in Missouri. Plaintiff cites authority to the effect that actual knowledge that an appeal has been taken does not meet the requirement of the statute. Such is declared to be the law in Wolff Packing Co. v. Walker, 285 S. W. 795. However, the above opinion quotes with approval from Davenport v. Shelley, supra, as follows:

"While knowledge of the pendency of an appeal derived from any other source would be insufficient, if such knowledge came to the attorneys by means of the notice, the notice is sufficient."

Plaintiff cites cases declaring that the notice required by statute serves the purpose of a summons. Such is the purpose, and the question before us is as to whether or not the notice given herein, supra, reasonably serves such purpose. We conclude that under the weight of authority in this State that the notice, supra, served every

purpose required under the provisions of the sections of our Statute 2741, 2742 and 2743..

The plaintiff herein cites one case which clearly supports its contention. The case cited is Hughes v. Harbour, 29 S. W. (2d) 227 (Kansas City Court of Appeals). The notice involved in the above case is as follows:

"Lila M. Hughes, Plaintiff, vs. John L. Harbour, Defendant.

"No. 269,762.

"Notice of Appeal.

"To the above named defendant, or his attorney of record, William A. Pevehouse.

"You are hereby notified that the plaintiff did on February 15th, 1928, appeal from the judgment in favor of the defendant and against the plaintiff, rendered by Casimer J. Welch, on February 7th, 1928, to the circuit court of Jackson County, Missouri, sitting at Kansas City, and that the trial thereof is desired at the next term of court.

"GEO. P. NORTON,

"Attorney for Plaintiff.

"Received a copy of the above and foregoing notice this 30th day of April, 1928.

"WILLIAW A. PEVEHOUSE,

"Attorney for defendant."

In ruling on the sufficiency of the above notice, the opinion of the Kansas City Court of Appeals stated as follows:

"But the notice is fatally defective, in that it fails to state the amount of the judgment, stating only that judgment was rendered against plaintiff 'by Casimer J. Welch, on Feb. 7, 1928.' The notice fails to state the official status, if any, of said Casimer J. Welch. The notice must show the justice by whom the judgment was rendered, and in not doing so it is fatally defective."

It appears from reading of opinion that Welch is not the justice of peace before whom tried. The opinion is out of line with the greater weight of authority in stating defect, in opinion, of amount of judgment and in respect to omission of official status, and in that respect is in conflict with Supreme Court in Davenport v. Shelley, supra, and also in conflict with opinion of the St. Louis Court of Appeals, quoted from supra. We conclude the aforesaid opinion is in conflict with Swift & Co. v. Baldwin, 185 S. W. 551 (Springfield Court of Appeals).

Concluding as we do that the opinion by this court, Hughes v. Harbour, is in conflict in respect stated with the greater weight of authority in this State, the same is overruled.

Concluding that the salutary purposes of Sections 2741, 2742 and 2743, Revised Statutes Missouri 1939, were substantially complied with by the notice herein involved, the judgment of the trial court is affirmed. All concur.