RICKERMANN AUTO BODY, INC.,
Plaintiff (Appellant),

v.

Richard LAUGHLIN, and Fireman's Fund Insurance Company, a/k/a Fireman's Fund American Insurance Companies (Respondent), and Key Diversified Leasing, Inc., Defendants.

No. 36054.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 19, 1975.

Leroy M. Steiner, Des Peres, for plaintiff.

Alan J. Baker, Thomas W. Taylor, Clayton, George J. Jeggle, St. Louis, for respondent.

GUNN, Judge.

We review here the classic example of the uncomplicated law suit which has its germ seed planted in the fertile soil of the magistrate court, takes root, ripens and blossoms into a convoluted appeal. The litigation was engendered in magistrate court when Rickermann Auto Body, Inc. (plaintiff-appellant) brought suit against defendants Richard Laughlin, Key Diversified Leasing and Fireman's Fund Insurance Co., a/k/a Fireman's Fund American Insurance Companies (respondent) to recover $509.25 for repairs performed by Rickermann Auto Body, Inc. to an automobile leased by Laughlin, owned by Key Diversified and insured by Fireman's Fund. The magistrate court's judgment was in favor of Rickermann as to Laughlin and Key Diversified but in favor of Fireman's Fund. Thus, Rickermann was victorious against Laughlin and Key Diversified but lost as to Fireman's Fund. Within ten days of the magistrate court's judgment, Rickermann appealed to the circuit court by filing notice of appeal.[1] Fireman's Fund moved to dismiss the appeal claiming the notice of appeal to be defective and that no appeal had been taken as to it. The circuit court sustained Fireman's Fund's motion to dismiss the appeal. Subsequently, Rickermann filed a motion to vacate the circuit court order, which was denied, and this appeal of the circuit court's order dismissing the magistrate's appeal as to Fireman's Fund followed.

The core issue on appeal is whether Rickermann's notice of appeal of the magistrate court judgment was defective as to Fireman's Fund thereby depriving the circuit court of jurisdiction to hear Rickermann's appeal. We find that the circuit court does have jurisdiction to hear the appeal and it was error to sustain Fireman's Fund's motion to dismiss the magistrate appeal.

The first statute relevant to this appeal is § 512.180.[2] § 512.180 establishes the right to appeal magistrate court decisions and provides in pertinent part:

"Any person aggrieved by any judgment rendered by a magistrate, except a judgment by consent, may, in person or by his agent, appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered . . . ."

§ 512.190[3] sets forth the procedure for filing notices of appeal as follows:

"A party or his agent may appeal from a judgment by filing notice of appeal with the magistrate within ten days after the judgment is rendered. A copy of same shall be mailed by the magistrate to the clerk of the circuit court of the county and to the opposing party or his attorney of record or served upon him as provided by law for the service of notices within fifteen days after the judgment was rendered . . . ."

§ 512.270 provides that magistrate appeals shall be tried de novo in the circuit

---

1. Laughlin also appealed the magistrate court judgment against it, but that appeal is not involved in this case.

2. Statutory references are to RSMo 1969, except as otherwise noted.

3. § 512.190 replaced and repealed several sections of RSMo 1939. § 2741 RSMo 1939 required that notice of appeal be "in writing, stating the fact that an appeal has been taken from the judgment therein specified." Similar requirements are found in § 2905 RSMo 1919, § 7582 RSMo 1909 and § 4074 RSMo 1899. The more detailed description of notice of appeal was deleted in § 512.190.

court, and § 512.280[4] requires that the same cause of action be tried on appeal. Indispensible to the magistrate appeal is the filing and service of notice of appeal, *Randolph v. Supreme Liberty Ins. Co.*, 195 S.W.2d 115, 116 (Mo.App.1946); *Owl Drug Co. v. Frank E. Whalen Advertising Co.*, 156 S.W.2d 777, 781 (Mo.App.1941), which brings us to the cynosure of this case—the notice of appeal.

Pursuant to § 512.190 Rickermann filed the following notice of appeal:

"In the magistrate court of

| | |
|---|---|
| ·Rickermann Auto Body, Inc. | St. Louis County, Missouri |
| plaintiff | Eleventh District |
| vs. | No. R–57 |
| Richard Laughlin, et al. | |
| defendants | |

TO  
Robert Meyer, Atty for Richard Laughlin
George Jeggle, Atty for Firemen's (sic) Fund Am. Ins. Co.
Tom Taylor, Atty for Key Diversified, Inc.

TAKE NOTICE, that an appeal has been taken from the judgment of Melvyn W. Wiesman, Judge of the Magistrate Court of St. Louis ·County, Missouri, District, acting for Harvey Schramm, rendered on the 21st day of September 1972 for $509.25 + %8.62 Interest and costs, in favor of the said Rickermann Auto Body; Inc. against the said Richard Laughlin and Diversified Leasing, Inc.  Said appeal was taken to the Circuit Court of St. Louis County, Missouri.

Dated at Clayton, Mo in St. Louis County, Missouri, this 29th day of September 1972

[signed]  LeRoy M. Steiner
Atty for Rickermann Auto Body, Inc."
(emphasis added)

---

■ Fireman's Fund points to the portion of the notice which recites that .appeal is being taken from the judgment "in favor of said *Rickermann Auto Body, Inc. v.* said *Richard Laughlin and Diversified Leasing, Inc.*" and submits that since the notice did not specifically mention Fireman's Fund that no appeal was taken as to Fireman's Fund; that Rickermann, having omitted the words "Fireman's Fund Ins. Co." had not appealed from the entire judgment. Further, Fireman's Fund argues that since the entire magistrate judgment was not appealed, the circuit court was without jurisdiction to hear the appeal and properly dismissed Rickermann's appeal.  We disagree.

The parties acknowledge that there was but a single judgment entered in the magistrate court with the magistrate finding in favor of Rickermann against Laughlin and Key Diversified but in favor of Fireman's Fund.  Rickermann admits that in describing the judgment he failed to include that judgment had been rendered in favor of Fireman's Fund but contends, despite the omission, that the notice was sufficient to notify Fireman's Fund that an appeal was being taken from the entire magistrate court judgment.

■ The purpose of the notice requirement of § 512.190 is to inform the appellee of the fact that an appeal has been taken

---

4.  § 512.280 provides:
"The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal; provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the appellate court."

from the magistrate court judgment. *Davenport Vinegar & Pickling Works v. Shelley,* 280 Mo. 393, 217 S.W. 267, 268 (1920); *Schuchart v. Brasler,* 249 S.W. 164, 167 (Mo. App.1923); *Munroe v. Herrington,* 99 Mo. App. 288, 73 S.W. 221, 222 (1903).[5] As stated in the venerable case of *Munroe v. Herrington,* supra, at 222:

> "The purpose of the statute, in requiring notice of an appeal from a justice's court . . . , is to apprise the successful party of the fact that an appeal has been taken. The statute prescribes no specific form of notice, and we think that a notice is good if it sufficiently describes the judgment appealed from to reasonably identify it, and informs the successful party that his adversary has appealed. Such a notice would be a substantial compliance with the statute, and would meet the demands of justice. The law requires nothing more."

The standards recited in *Munroe v. Herrington* still apply. There is no suggestion in this case that counsel for Fireman's Fund did not receive plaintiff's notice of appeal. Therefore, we need only determine if the notice was sufficient to alert Fireman's Fund to the fact that an appeal was being taken from the magistrate court judgment and that Fireman's Fund was a party to the appeal.

Notice must enable the prevailing party in the magistrate court to properly protect himself in the court and at the term where the issues involved are to be determined so that he will not be deprived of the benefits of his judgment by in camera procedure on the part of the losing party. *Western Employment Counselors Ass'n v. Severinghaus,* 237 Mo.App. 1033, 170 S.W.2d 950, 952 (1943). It has been held that notice of appeal is sufficient if it "informs the appellee of enough of the facts concerning the appeal from which any reasonable person

would conclude that he had knowledge that the appeal had been taken." *Conrey v. Davis,* 216 Mo.App. 341, 256 S.W. 519, 520 (1923). Notice is sufficient if it reasonably describes the judgment, the parties and the court which rendered the judgment, and if it informs the parties that an appeal has been taken. *Conrey v. Davis,* supra; 47 Am.Jur.2d Justices of the Peace, § 109 Notice of Appeal (1969). In evaluating Rickermann's notice of appeal in the candescence of these standards, we are reminded that the procedural requirements of § 512.-190 are to be liberally construed. *Standard Historical Soc. v. Gillespie,* 111 S.W.2d 954 (Mo.App.1938); *Schuchart v. Brasler,* supra.

We find that Rickermann's notice of appeal is sufficient. Although words reciting the fact that a judgment had been in favor of Fireman's Fund were omitted, the judgment being appealed is adequately described so as to place Fireman's Fund on notice that an appeal of the entire judgment had been filed. This is so for several reasons: 1) The notice states that "an appeal has been taken from the judgment of Melvyn W. Wiesman." Both Rickermann and Fireman's Fund agree that there was only one judgment in the magistrate court—in favor of Rickermann as to Laughlin and Diversified Leasing, and against Rickermann as to Fireman's Fund. Since there was only one judgment, the language of the notice quoted above is unambiguous; Rickermann is appealing that specific judgment of magistrate Melvyn W. Wiesman. 2) The notice of appeal accurately states the date that judgment was rendered. The attorney for Fireman's Fund would thereby be informed of precisely what judgment of Melvyn W. Wiesman was being appealed. 3) The notice accurately sets out the amount of the judgment. This has the effect of further defining the judgment. 4) The notice does mention that judgment was in favor of Rickermann Auto Body and against Richard

**5.** The court in *Schuchart* was dealing with § 2905 RSMo 1919, the court in *Davenport* was dealing with § 7582 RSMo 1909, and the court in *Munroe* was dealing with § 4074 RSMo 1899. See note 3, supra.

Laughlin and Diversified Leasing. Although this is an incomplete description of the total judgment, when read together with the information listed above, it further delineates the decision being appealed. These factors would enable a reasonable person to know exactly what judgment is being appealed. In an early decision, the St. Louis Court of Appeals held that notice of appeal was sufficient despite the fact that it failed to state in whose favor the judgment was rendered, the nature of the suit, the amount of the judgment, or the date when it was rendered. *Holschen Coal Co. v. Missouri Pac. Ry. Co.*, 48 Mo.App. 578 (1892). There is much more descriptive information in this case.

In addition to the information appearing on the notice that describes the judgment, it must be noted that Fireman's Fund does not contend that there were any other suits pending between these parties in any magistrate court. Several decisions, in holding notices of appeal to be sufficient despite inaccuracies or incompleteness, have found such factor to be relevant. *Rainey v. Reorganized Church of Jesus Christ of the Latter Day Saints*, 207 Mo.App. 205, 231 S.W. 1017 (1921); *Wolf v. Marples*, 231 S.W. 1019 (Mo.App.1921); *Shwayder v. Altenberg*, 191 S.W. 1121 (Mo.App.1917); *Holschen Coal Co. v. Missouri Pac. Ry. Co.*, supra. In *Shwayder v. Altenberg*, supra, the plaintiff brought an attachment suit and was successful both on his plea in abatement and on the merits. Ancillary to these judgments was a judgment against the garnishee. In their notice of appeal the defendants appealed "from the judgment of the justice," *id.* without specifying which of the three judgments was being appealed. In holding the notice to be sufficient, the Kansas City Court of Appeals said *id.*, at 1122:

"The evidence shows, and it is unquestioned, that there was but one case between the parties in said justice court, and that there was no other case to which said notice could apply. And the record shows that the three judgments rendered by the justice, namely, the one sustaining the attachment, the one on the merits, and the one against the garnishee, are all contained in one entry upon the justice's record and made on the same day and under one and the same caption. This last-mentioned fact is of little or no consequence, but it is mentioned along with the others showing that there is no room for confusion as to what judgment was referred to in the notice."

Since there were no other suits pending between the parties, there could be no confusion as to what judgment was being appealed.

The failure to include in the description of the judgment the fact that judgment was rendered in favor of Fireman's Fund does not devitalize the notice and can be analogized to situations in which other descriptive elements of judgments were either omitted from the notice of appeal or incorrectly represented. Under these circumstances, notices of appeal were found to be sufficient so long as they otherwise properly described the judgment involved. *Davenport Vinegar & Pickling Works v. Shelley*, supra (the date of the judgment and the amount of judgment as appearing in the notice were inaccurate); *Rainey v. Reorganized Church of Jesus Christ of the Latter Day Saints*, supra (the notice failed to include amount of the judgment and the date it was rendered); *Swift & Co. v. Baldwin*, 185 S.W. 551 (Mo.App.1916) (the name of the justice of the peace was misspelled). See also *Holschen Coal Co. v. Missouri Pac. Ry. Co.*, supra.

Rickermann's notice of appeal also sufficiently describes the parties involved in the appeal. The notice is directed to the attorneys for all three defendants. On its face, the notice names all three defendants. With all the other factors present, we do not find that the caption identifying "Richard Laughlin, et al" as defendants is particularly deficient. In *Cowhick v. Jackson*,

161 Mo.App. 459, 143 S.W. 558 (1912), one of three defendants filed a notice of appeal containing the following caption: "*Rebecca Cowhick, Plaintiff, v. John T. Jackson and others, Defendants.*" 161 Mo.App. at 460, 143 S.W. at 558. The use of "and others" was held to satisfy § 7582 RSMo 1909 and thus notice was sufficient. Certainly, then in the case before us, the use of "et al." as describing the defendants together with all of the other information contained in the notice, gave Fireman's Fund adequate notice of the appeal. The notice informs Fireman's Fund of enough facts concerning the appeal so that any reasonable person would conclude that Fireman's Fund had notice that the appeal had been taken. *Conrey v. Davis,* supra. Furthermore, it should be noted that since Rickermann obtained judgments against Laughlin and Diversified Leasing but not as to Fireman's Fund, Rickermann's appeal of the magistrate decision would surely be directed to that portion of the judgment in which he was unsuccessful. This additional factor would warn all the parties involved of the fact that an appeal was being taken against Fireman's Fund, for it would be fatuous for Rickermann to appeal only the favorable portion of the judgment and allow the unfavorable to stand.

Fireman's Fund contends that the failure to include the fact that judgment had been rendered in favor of Fireman's Fund renders Rickermann's appeal defective on the ground that the plaintiff has failed to appeal the entire judgment. Fireman's Fund and the circuit court, in sustaining Fireman's Fund's motion to dismiss, rely on two cases for support: *Rudy-Fick, Inc. v. Snider,* 363 S.W.2d 16 (Mo.App.1962) and *Gloria Lee Realty Co. v. Madigan,* 243 S.W.2d 118 (Mo.App.1951). Both cases involved appeals from magistrate judgments in which the appealing parties attempted to exclude from the appeals counter and cross-claims made by the defendants. Both appeals were held to be defective because appeal was not taken from the entire judgment of

the magistrate court. The results in these cases are controlled by § 517.270 which requires the magistrate to render one judgment when a set-off or counter-claim is involved. Since plaintiff's claims and defendant's claims are to be computed into one judgment, failure to include a counterclaim in an appeal is equivalent to appealing only a portion of the magistrate judgment.

"[A]n appeal from a magistrate court involving counterclaims where only one judgment is authorized must on appeal be tried de novo, must be the same lawsuit and no other, that was tried below and the appeal must be from this one final and complete judgment and not from only a part of it; otherwise, the appeal is unauthorized and does not confer jurisdiction upon the circuit court."

*Rudy-Fick, Inc. v. Snider,* supra, 363 S.W.2d at 19. Neither *Rudy-Fick* nor *Gloria Lee Realty* is persuasive or apposite to this case. No counter-claims or cross-claims were made by any of the three defendants involved. Further, the appellants in their notices of appeal in *Rudy-Fick* and *Gloria Lee Realty,* expressly limited their appeals. For example, in *Rudy-Fick,* the plaintiff appealed the judgment of the magistrate court pertaining to " 'plaintiff's petition only.' " *Rudy-Fick, Inc. v. Snider,* supra at 17. No such express limitation appears in Rickermann's notice of appeal. Rickermann is appealing the entire judgment of the magistrate court. The omission complained of occurs in the section of the notice of appeal which sets forth which parties won and which parties lost in the magistrate court. This section is designed to describe the judgment being appealed—not to indicate who will be parties to the appeal.

For the reasons stated above we find Rickermann's notice of appeal to be sufficient and hold that the circuit court erred in sustaining Fireman's Fund's motion to dismiss the appeal. We believe that the law

requires nothing more for this magistrate appeal than was done here by Rickermann. *Munroe v. Herrington,* supra.

The judgment is reversed and remanded to the circuit court for further proceeding.

SIMEONE, P. J., and McMILLIAN, J., concur.