# DAVENPORT VINEGAR & PICKLING WORKS v. M. B. SHELLEY, Trading as M. B. SHELLEY MANUFACTURING COMPANY, Appellant.

### Division Two, January 6, 1920.

1. **NOTICE OF APPEAL: Sufficiency.** The purpose of a notice is to inform the person notified of a fact. No one needs notice of what he already knows. Actual knowledge by respondent that an appeal has been taken from a judgment rendered in his favor by a justice of the peace, is not alone sufficient under Section 7582, Revised Statutes 1909, which requires the notice to be "in writing, stating the fact that an appeal has been taken from the judgment therein specified;" but if notice in writing is served upon respondent's attorneys and they have actual knowledge that it refers to a particular judgment and can refer to no other, it is sufficient.

2. ————: **Discrepancies Between Notice and Judgment.** The date of the judgment for plaintiff was October 26th, and the notice recited

that an appeal has been taken from a judgment rendered on October 21st; the amount of the judgment was $203.90, and the notice said it was $203.62; the judgment included a finding for plaintiff on defendant's counterclaim, and the counterclaim was not mentioned in the notice. But the notice was in writing, and plaintiff's attorneys acknowledged service on it, and they filed a motion in the circuit court, asking that the appeal be dismissed for want of sufficient notice, in which they set out the notice in full, which included the names of the parties and of the justice by which the judgment had been rendered; there was no other case pending between the same parties; and the said attorneys did not appear for the plaintiff in any other case in any justice's court. *Held*, that the notice was sufficient to inform, and in fact did inform, plaintiff's attorneys that the appeal was taken in the case actually appealed, and was sufficient, notwithstanding the discrepancies between the notice and the judgment. [Distinguishing Tiffin v. Millington, 3 Mo. 419.]

Appeal from St. Louis City Circuit Court—*Hon. W. M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Holland, Rutledge & Lashly, R. L. Ailworth* and *Albert D. Nortoni* for appellant.

(1) The notice of appeal in issue in this case is sufficient. Grocery Company v. Rust, 185 Mo. App. 279; Collier v. Langan & Taylor, 128 Mo. App. 113; Thiel Co. v. Reynolds, 184 S. W. 1178; Holschen Coal Co. v. Mo. Pac. Ry. Co., 48 Mo. App. 578. (2) The only purpose of a notice of appeal is to notify the adverse party that an appeal has been taken; and if, by a fair and reasonable interpretation of the notice, it informs the other party that an appeal has been taken, it is sufficient. See cases, supra. (3) Any insufficiency in the notice of appeal, if any there is, was waived by plaintiff when it accepted service on the bottom of the notice. Holschen v. Railroad, 48 Mo. App. 578; Cella v. Schnairs, 42 Mo. App. 316; Igoe v. Bradford, 110 Mo. App. 675; Bigler v. Waller, 12 Wall. 79 U. S. 142; Goodwin v. Fox, 120 U. S. 778; Tripp v. Santa Rosa Railroad, 144 U. S. 129; Horst v. Wagner, 43

Iowa, 373; 2 Ency. Plead. & Prac. 234. (4) The fact that a counterclaim was involved amounts to naught. It is the judgment and not the pleadings to which the notice is directed. Schwayder v. Altenberg, 191 S. W. 1121; Igoe v. Bradford, 110 Mo. App. 670, 674. (5) A motion to affirm, or any plea to the jurisdiction which sets up and relies upon recitals of outside facts, requires evidence to support it. A motion does not prove itself, especially as to extraneous facts alleged in it.

*Luke E. Hart* and *Richard C. Hart* for respondent.

(1) Appellant was required to serve the appellee "with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified." Sec. 7582, R. S. 1909; Newberry v. Melton, 3 Mo. 121; Cooksey v. Railway Co., 17 Mo. App. 138; Conway v. Campbell, 38 Mo. App. 476; Crosby v. Clary, 43 Mo. App. 226; Wolff v. Coffin, 46 Mo. App. 192; Hammel v. Weis, 54 Mo. App. 16; Dooley v. Railway Co., 83 Mo. App. 105; Rowley v. Hinds, 50 Mo. 405; State v. Hammond, 92 Mo. App. 235; Hyatt v. Wheeler, 101 Mo. App. 359; Comstock v. Packing Co., 171 Mo. App. 410. (2) The paper served upon appellee's attorneys did not describe the judgment, and, in fact, misdescribed the judgment of the justice in this case, and was not a notice of appeal as required by statute. Tiffin v. Millington, 3 Mo. 418; McGiniss v. Taylor, 22 Mo. App. 513; Smith Drug Co. v. Hill, 61 Mo. App. 680; Hyde v. Goldsby, 35 Mo. App. 29; Schulenberg v. Bascom, 38 Mo. 192; Robinson v. Walker, 45 Mo. 117; Hyatt v. Wheeler, 101 Mo. App. 357; Green v. Costello, 35 Mo. App. 127; Devere v. Staecker, 49 Mo. App. 547; Hammond v. Kroff, 36 Mo. App. 121; Cooper v. Acc. Co., 117 Mo. App. 423; Clay v. Turner, 135 Mo. App. 596; Potts v. Nahm, 147 Mo. App. 562; Comstock v. Packing Co., 171 Mo. App. 410. (3) Appellant must prove that notice in proper form was served. Comstock v. Packing Co., 171 Mo. App. 410;

Drake v. Gorrell, 127 Mo. App. 638. (4) Insufficiency of the notice was not waived by mere acknowledgment of service. Studer v. Federle, 57 Mo. App. 534; Comstock v. Packing Co., 171 Mo. App. 421.

WHITE, C.—The plaintiff in this case obtained judgment before a justice of the peace. An appeal was taken to the circuit court, where the judgment was affirmed for alleged want of notice of appeal. The defendant appealed to the St. Louis Court of Appeals where the judgment of the circuit court was affirmed; ALLEN, J., dissenting, certified the case to this court, deeming the decision in conflict with other decisions of that court and of the Springfield Court of Appeals.

The only question for determination here is whether a sufficient notice of appeal from the justice's court was served. The judgment was rendered before A. A. O'Halloran, Justice of the Peace, on October 26, 1909, for the sum of two hundred and three dollars and ninety cents. The notice of appeal was served November 24, 1909, as follows:

"Davenport Vinegar & Pickling Works (a corporation),

Plaintiff,

v.

M. B. Shelley, Trading as M. B. Shelley Mfg. Co.,

Defendant.

Before
A. A. O'Halloran, Esq.,
Justice of the Peace,
Fifth District,
St. Louis, Missouri.

"To the above named plaintiff, or its attorneys, Hart & Hart—. Take Notice:

"That an appeal has been taken from the judgment of the justice rendered on the 21st day of October, 1909, in favor of the Davenport Vinegar & Pickling Works, a corporation, and against M. B. Shelley, trading as M. B. Shelley Manufacturing Company, in the sum of 203.62 Dollars; said appeal is addressed to the Circuit Court of the City of St. Louis, Missouri.

"(Signed) J. M. LASHLY,
For Defendant.

"We hereby acknowledge due and timely service of the within notice this 24th day of November, 1909.

"(Signed) HART & HART;
For Plaintiff."

The justice's transcript of the proceedings was duly filed in the circuit court December 9, 1909. This transcript showed the rendition of judgment as stated, and, among other things, that on the day of the trial the defendant filed a counterclaim, and the judgment on! the counterclaim was for the plaintiff.

On the 26th day of February the plaintiff filed in the circuit court its motion to affirm the judgment of the justice of the peace. The motion recites that the plaintiff appears for the purpose of the motion only, and alleges, among the grounds for the affirmance of the judgment:

"Second: That the appellant has failed to, serve the appellee with notice of appeal, as required by Section 4074, R. S. 1899.

"Third: That the so-called notice which reads as follows:"·

Then follows an exact copy of the notice above set out except that under the name of the justice of the peace in the copy of the notice are added: "No. 64052 —No. 5."

Afterwards, on the twentieth of October, 1910, the plaintiff filed another motion in words and figures exactly like the first motion except that the figures "No. 64052—No. 5" were omitted. These numbers designated the number of the case and the division of the circuit court in which the suit was pending.

Subsequently, June 21, 1913, the plaintiff filed its third motion to affirm the judgment, setting out all the proceedings before the justice and designating the notice as "a paper."

It is further alleged that after the said notice had been served upon the plaintiff's attorneys, without their knowledge and consent the number and division of the circuit court to which the same had been assigned had been added.

Thus the matter was pending in the circuit court several years. Three circuit judges attempted a settlement of it. The second motion mentioned above was

overruled April 3, 1910. The third motion filed in 1913 was at first sustained, and the judgment afterwards set aside and the motion again sustained.

The judge who finally affirmed the judgment, in the memorandum which he filed in the case, stated: "There is no claim or pretense that there was any other judgment rendered between these parties in October, 1909, by the justice who rendered the judgment in question."

· It is claimed by respondent that the notice of appeal is fatally defective, because of three discrepancies between its description of the judgment and the judgment actually rendered. The date of the judgment rendered was October 26, 1909, the statement in the notice is that the judgment appealed from was rendered October 21, 1909; the amount of the judgment was $203.90, the notice gives it $203.62; the judgment included a finding for plaintiff on defendant's counterclaim, the counterclaim is not mentioned in the notice.

**Discrepancies.**

The purpose of the notice required by Section 7582, Revised Statutes 1909, it has been held, is to notify; that is, to *inform* the person notified of a fact. When a person knows of a thing he has notice of it, and no one needs notice of what he already knows. [20 R. C. L. p. 344; Igo v. Bradford, 110 Mo. App. 670, l. c. 674; Teasdale & Co. v. Fruit Product Co., 120 Mo. App. l. c. 586; Grocery Co. v. Rust, 185 Mo. App. 279.] True, actual knowledge that the case has been appealed is not sufficient. The notice required by Section 7582 must be "*in writing, stating the fact that an appeal has been taken from the judgment therein specified.*"

Many cases by the several courts of appeals hold that an erroneous date designating the judgment appealed from is fatally defective, since it would specify a judgment different from a judgment actually rendered. On the other hand, it is held that where no date is mentioned and the notice otherwise properly describes the judgment appealed from, it is sufficient. [Monroe v. Herrington, 99 Mo. App. 288.] It is also held where

the notice erroneously recites the date, it is sufficient, provided the notice "is sufficiently descriptive of the judgment rendered in the case between these parties to identify it." In a case where the amount of the judgment, the justice before whom it was rendered, together with the division and number of the case where the appeal was pending in the circuit court, were stated correctly, the notice was sufficient, although the date stated in the notice was erroneous. [Collier v. Storage & Moving Co., 128 Mo. App. 113.] In the case of Grocery Co. v. Rust, 185 Mo. App. 279, the date of the judgment was March 8th, and the notice stated it was on March 9th; otherwise it correctly specified the judgment; it was held by the St. Louis Court of Appeals that the notice was sufficient.

In the present case, in addition to the error in the date, there is a discrepancy in the amount of the judgment. The question for determination is whether the notice served would necessarily inform the plaintiff of the identity of the judgment appealed from, and whether in fact it did so inform the plaintiff.

There was no other case pending between the same parties; the notice was served upon Hart & Hart, the attorneys who appeared for the plaintiff in the justice's court. Service of the notice was acknowledged by these attorneys, who signed themselves, "Hart & Hart, For Plaintiff." That is, the acknowledgment of service, in addition to the names of the parties, further designated the judgment as the one in which the attorneys acknowledging service appeared for plaintiff. These attorneys did not appear, so far as shown, for the plaintiff in any other case in any justice's court. Those same attorneys filed the motion in the circuit court. In that motion they did not state that *no notice* of appeal had been served on them, and thereby ignore the notice. They asserted in the motion that the appellant had failed to serve the notice required by statute, and refer to "*the so-called notice, which reads as follows*" etc., *and copied the notice and acknowledgment of service*. Thus the

motion alleges in effect that the notice served upon the attorneys was served in and referred to the case then pending in the circuit court, *the case in which the motion was filed.*

While knowledge of the pendency of an appeal derived from any other source would be insufficient, if such knowledge came to the attorneys by means of the notice, the notice is sufficient. And here is an allegation in the motion that they were served with notice in *that case.* The notice it sufficient to inform, and in fact did inform the plaintiff's attorneys that the appeal was taken in the case actually appealed from. That is, the judgment was sufficiently "therein specified" to inform counsel which judgment it was.

The decision of the several courts of appeals so strictly construing the statute appear to claim support in the ancient case in this court of Tiffin v. Millington, 3 Mo. 419. In that case Millington, plaintiff, sued Lawless, defendant, by attachment, and summoned Tiffin, garnishee. Judgment was given against the defendant and also against the garnishee. The garnishee appealed and served his notice, in which he described himself as defendant. The name of the real defendant was not mentioned and the court very properly held that the notice described a different judgment from the one actually rendered and appealed from. There is nothing in that case to justify the strict requirements which have appeared in later decisions.

Conflict in Decisions.

The judgment is reversed and the cause remanded.
*Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.