**RUDY–FICK, INC., Plaintiff-Appellant,**

v.

**B. N. SNIDER, Defendant-Respondent.**

No. 23635.

Kansas City Court of Appeals.
Missouri.
Dec. 3, 1962.

John I. Moran, Kuraner, Freeman, Kuraner, Oberlander & Lamkin, Kansas City, for appellant.

Virgil Conkling, Kansas City, for respondent.

MAUGHMER, Commissioner.

This is an appeal from the circuit court, dismissing an appeal taken to that court from a judgment rendered by a magistrate. The sole question presented is whether or not the affidavit and notice of appeal is sufficient to confer jurisdiction.

The action, instituted in the magistrate court, by plaintiff Rudy-Fick, Inc., sought recovery of $640.79, alleged to be a reasonable charge for "materials, work and labor" furnished in repairing defendant's truck. Defendant, B. N. Snider, counterclaimed in two counts based upon fraudulent misrepresentations allegedly made by plaintiff's employees to defendant as to the size of the engine in said truck, which defendant had purchased from plaintiff corporation.

On December 22, 1961, the magistrate entered "judgment for defendant on plaintiff's petition and judgment for plaintiff on defendant's counterclaim". On the last day of the appeal period plaintiff filed its affidavit and notice of appeal in part as follows: "TAKE NOTICE, that an appeal has been taken from the judgment of Joseph L. Duffy, Judge of the Magistrate Court of Clay County, Missouri, West District, rendered on the 22nd day of December, 1961, against the said plaintiff *on plaintiff's petition only*". (Italics added.)

Thereafter defendant filed his motion to dismiss, asserting that plaintiff's appeal "from designated portions" of the judgment was a partial appeal, was unauthorized under the statutes and insufficient to confer jurisdiction upon the circuit court. This motion was sustained and the appeal dismissed.

The right of appeal is purely statutory. In magistrate court where a set-off or counterclaim is pleaded, only one net judgment shall be entered. Section 517.270, V.A.M.S. provides:

"If the amount of the set-off or counterclaim duly established be equal to

the plaintiff's debt, judgment shall be entered for the defendant, with costs; or, if it be less than the plaintiff's debt, the plaintiff shall have judgment for the residue only, with costs; and if it be for more than the plaintiff's debt, the defendant shall have judgment for the excess, with costs, and execution shall be awarded therefor."

Only the cause tried by the magistrate may be tried upon the appeal. Section 512.-280, V.A.M.S. states:

"The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal; provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the appellate court."

In Biederman Furniture Co. v. Isbell, Mo.App., 102 S.W.2d 746, 747, under the former justice court practice (Sec. 2738, R.S.Mo., 1939) almost identical with Section 517.270, supra, the suit was for recovery of furniture and defendant filed a counterclaim. The judgment was for plaintiff, both as to the petition and on defendant's counterclaim. Defendant's appeal affidavit and notice was "from the judgment as to the counterclaim". The court said:

"Here the affidavit was defective and insufficient, in that it purported to show that the appeal was being taken only from 'the judgment as to the counterclaim.' Even though a counterclaim is, for certain purposes at least, to be regarded as an independent action, still the justice, in a case where a counterclaim is filed, can render but a single judgment for the net amount due the prevailing party, covering both the plaintiff's cause of action and the defendant's counterclaim. Section 2221, R.S.1929 (Mo.St.Ann. § 2221, p. 2401); State ex rel. v. Pearcy, 325 Mo. 335, 29 S.W.2d 83. It follows, therefore, that when an appeal is taken it must be from the one and only judgment which

the justice is authorized by law to render, and an affidavit which purports to show that the appeal is being taken from less than the entire judgment is consequently defective, irregular, and insufficient for the reason that no such partial appeal is possible. State ex rel. v. Pearcy, supra."

Gloria Lee Realty Co. v. Madigan et al., Mo.App., 243 S.W.2d 118, 121, 122, also involved a petition by plaintiff and several defendant counterclaims. Plaintiff and its codefendants appealed, not from the whole final judgment, but from three specific parts of it. The circuit court sustained the motion to dismiss the appeal. The appellate court affirmed and said:

"The notice of appeal in the case at bar was defective and insufficient to confer jurisdiction on the circuit court. The right of appeal in such cases is purely statutory, and is governed by Section 130, Laws of Missouri 1947, page 245 R.S.Mo.1949, § 512.060. Said section provides for appeals by aggrieved parties from the judgment in the cause. * * * Furthermore, the judgment in the cause from which an appeal will lie must be a single final judgment which disposes of all the issues raised by the plaintiff's petition, and any counterclaim or set-offs filed by defendants and litigated at the trial. R.S.Mo.1949, sec. 517.270. There can be no valid separate judgment on a counterclaim or cross-claim. Biederman Furniture Co. v. Isbell, Mo.App., 102 S.W.2d 746; State ex rel. Duraflor Products Co. v. Pearcy, 325 Mo. 335, 29 S.W.2d 83; and any appeal taken must be from the one and only judgment which the magistrate is authorized by law to render. * * * It follows, therefore, that a notice of appeal wherein an attempt is made to appeal from a jury's verdict or from less than the entire judgment is insufficient to confer jurisdiction on the circuit court. Biederman Furniture Co. v. Isbell, Mo. App., 102 S.W.2d 746. Nor can the no-

tice in the case at bar be reasonably construed as an attempt in good faith to appeal from a final judgment and, therefore, sufficient under the principles announced in Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657."

Appellant relies on the case of Anthony v. Morrow and Kurrich, Mo.App., 306 S.W.2d 581, 583. That action was based upon negligence arising from an automobile collision. The action was commenced in the circuit court. Plaintiff, a guest in defendant Kurrich's car, sued Kurrich and Morrow, operator of the second vehicle. Kurrich filed a cross-claim against Morrow and Morrow cross-claimed against Kurrich. The verdict and judgment was for plaintiff against both defendants in the sum of $6500, and in favor of both Kurrich and Morrow on their cross-claims against each other. Only the defendant Kurrich appealed from the judgment "in favor of plaintiff and against defendants". The court held that plaintiff's judgment for $6500 was effectively appealed and disposed of the contention that the appeal was not from the whole final judgment, but instead from only a part of the judgment, by saying:

"In reaching the above decision, and in taking jurisdiction of the appeal from that portion of the judgment in plaintiff's favor, we have not overlooked the general rule that a party may not appeal from a part of a judgment. Gloria Lee Realty Co. v. Madigan, Mo.App., 243 S.W.2d 118; Biederman Furniture Co. v. Isbell, Mo. App., 102 S.W.2d 746. An apparent exception to this rule is recognized whereby an appeal will lie from a part of a judgment where that part is the result of the trial of issues distinct, entire, and severable from the other issues tried. Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 9 A.L.R.2d 428. Such is the situation in the case at bar. Plaintiff's claim and appellant's cross claim are separate and distinct causes of action, and appellant should be allowed to appeal from either the entire judgment or that part thereof which disposes of his cross claim."

█ It is, of course, true that if for example there has been an automobile accident and plaintiff, driver of one car, sues defendant, driver of the other car, in the circuit court for damages and defendant counterclaims for damages, resulting in a judgment for plaintiff on the petition and for plaintiff on defendant's counterclaim, defendant may, if he chooses, appeal only the judgment on plaintiff's petition and thereby allow the judgment for plaintiff on the counterclaim to become final. However, an appeal from a magistrate court involving counterclaims where only one judgment is authorized must on appeal be tried de novo, must be the same lawsuit and no other, that was tried below and the appeal must be from this one final and complete judgment and not from only a part of it; otherwise, the appeal is unauthorized and does not confer jurisdiction upon the circuit court.

█ The notice of appeal here recited it was from that part of the judgment "against the said plaintiff on plaintiff's petition only". This notice of appeal did not even purport to be from the whole judgment. It clearly deleted from the appeal that part of the judgment regarding the counterclaim which was tried below. It did not, therefore, under the statutes and decisions herein referred to, confer jurisdiction on the circuit court.

The order and judgment sustaining defendant's motion to dismiss plaintiff's appeal is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.