PRESTON PLUMBING INC.,
Plaintiff-Respondent,

v.

Sam MELMAN, d/b/a Aalco Supply Company, a Corporation,
Defendant-Appellant.

No. 36453.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 30, 1975.

Charles J. Kolker, East St. Louis, for defendant-appellant.

Friedman & Fredericks, Clayton, for plaintiff-respondent.

GUNN, Judge.

This action had its inception in magistrate court with plaintiff-respondent Preston Plumbing, Inc. (Preston Plumbing) filing suit against defendant-appellant Sam Melman d/b/a Aalco Supply Company (Melman) for damages allegedly resulting from the sale by Melman to Preston Plumbing of defective plumbing supplies. Melman counterclaimed for the value of the supplies sold. On February 27, 1974, the magistrate court rendered judgment for $800 in favor of Preston Plumbing on its petition and also found in favor of Preston Plumbing on Melman's counterclaim. Melman thereupon filed timely notice of appeal to the circuit court. Preston Plumbing maintained that the notice of appeal was defective, and the circuit court sustained Preston Plumbing's motion to dismiss the appeal. Melman has appealed the circuit court's order dismissing its appeal. While the record on appeal supplied to us is rather skimpy—for instance, the record does not contain the magistrate court judgment—we find that there is enough for us to determine that the circuit court action should be affirmed.

Melman's notice of appeal, which is the cynosure of this appeal, provides in pertinent part as follows:

"TAKE NOTICE, that an appeal has been taken from the judgment of Richard T. Enright, Judge of the Magistrate Court of St. Louis County Missouri, _____ District, rendered on the 27th day of February, 1974, for $800 and costs, in favor of said plaintiff [Preston Plumbing] against the said deft [Melman]

Said appeal was taken to the Circuit Court of St. Louis County, Missouri."

On May 29, 1974, Preston Plumbing filed a motion to dismiss Melman's appeal on the ground that Melman had appealed only a portion of the magistrate court judgment; that Melman had appealed only from the judgment for $800 in favor of Preston Plumbing and against Melman while no appeal was taken from the judgment adverse to Melman on its counterclaim. On July 26, 1974, Melman sought leave to amend its notice of appeal "so that the appeal will be from the entire judgment of the magistrate court." The circuit court overruled Melman's motion to amend the notice of appeal and sustained Preston Plumbing's motion to dismiss the appeal. This appeal followed.

Section 512.270[1] provides that magistrate court appeals are to be tried de novo in the circuit court, and § 512.280 requires that the same cause of action heard in the magistrate court be tried on appeal. The law in Missouri is clear that under § 517.270 a magistrate is to render a single judgment when a setoff or counterclaim is involved and that an appeal from a magistrate decision to the circuit court must be based on the entire magistrate judgment. The appeal must be from the complete judgment based on the petition and counterclaim in order to confer jurisdiction on the circuit court. *Rudy-Fick, Inc. v. Snider,* 363 S.W.2d 16, 19 (Mo.App.1962); *Gloria Lee Realty Co. v. Madigan,* 243 S.W.2d 118, 122 (Mo.App.1951). It is manifest from Melman's motion to amend its notice of appeal and from the various memoranda of law filed with the circuit court on behalf of Melman that initially Melman fully intended to appeal only a portion of the judgment. Thus, *Rudy-Fick, Inc. v. Snider, supra,* and *Gloria Lee Realty Co. v. Madigan, supra,* are particularly appropriate to this case. Both cases involved appeals from magistrate judgments in which the appealing parties attempted to exclude either counter or cross claims from the appeals. In each case the appeal was held to be defective as not having been taken from the entire magistrate court judgment. In each case it was held that § 517.270 was controlling in that the magistrate was required to render a single judgment when a setoff or counterclaim was considered; that failure to include a counterclaim in an appeal was tantamount to appealing only a

portion of the magistrate judgment. As was said in *Rudy-Fick, Inc. v. Snider, supra,* 363 S.W.2d at 19:

"[A]n appeal from a magistrate court involving counterclaims where only one judgment is authorized must on appeal be tried de novo, must be the same lawsuit and no other, that was tried below and the appeal must be from this one final and complete judgment and not from only a part of it; otherwise, the appeal is unauthorized and does not confer jurisdiction upon the circuit court."

Melman attempted to appeal only a portion of the total judgment. The appeal was thereby defective and conferred no jurisdiction on the circuit court. The circuit court's order dismissing the appeal was therefore proper.

This case is distinguishable from the recent decision of *Rickermann Auto Body, Inc. v. Laughlin,* Mo.App., 526 S.W.2d 934 (St.L.D., 1975), where it was held that the unintentional omission of the name of one of the parties in a notice of appeal from a magistrate judgment did not adversely affect the appeal, inasmuch as there was an apparent notice to all parties of intent to appeal the entire judgment. There was no counterclaim or setoff involved in Rickermann. The fundamental difference between Rickermann and this case is that a counterclaim is here involved together with the intent to exclude the counterclaim from the notice of appeal.[2]

Melman refers to § 512.300[3] and argues that by reason of the provisions of

1. Statutory references are to RSMo. 1969 unless otherwise indicated.

2. See also *Davenport Vinegar & Pickling Works v. Shelley,* 280 Mo. 393, 217 S.W. 267 (1920), which held that failure to make reference to a counterclaim in a notice of magistrate appeal was not fatal to the notice where there was no express intention to exclude the counterclaim from the appeal.

3. § 512.300 provides:
"In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or set-off, or other ground of defense filed before the magistrate, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper."

that statute, substantial justice permits, nay, requires, the acceptance of his amendment to include the counterclaim in the notice of appeal of the judgment. § 512.300 relates to amendments of statements of causes of action and bills of items of accounts sued on, counterclaims, setoffs or other grounds of defense originally filed in magistrate courts—not notices of appeal. § 512.300 is therefore inapposite to this case.

In his asseveration that substantial justice requires amendment to his admittedly defective notice of appeal, Melman also relies on cases which permit amendment to cure defects or irregularities in magistrate appeal affidavits and appeal bonds based on statutes now repealed.[4] Such cases are not appropriate here.

█ Finally, Melman suggests to us that Preston Plumbing's cause of action and Melman's counterclaim are separate, distinct and severable from each other and that under *Anthony v. Morrow,* 306 S.W.2d 581 (Mo.App.1957), Melman should be allowed to appeal—as he did—from only a portion of the judgment rather than the entire judgment. *Anthony v. Morrow, supra,* is not controlling, for that case involved an appeal which had its seeds initially planted in the circuit court, not the magistrate court. *Anthony v. Morrow,* is therefore distinguishable. And we have no evidence before us that Melman's counterclaim could be considered severable from Preston Plumbing's action even if that were properly a matter to be considered on a magistrate appeal.

The judgment of the circuit court granting Preston Plumbing's motion to dismiss Melman's appeal is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.

---

4. For example, § 2353 RSMo. 1929. See also *Biederman Furniture Co. v. Isbell,* 102 S.W.2d 746 (Mo.App.1937).