STATE ex rel. Lyle WADE, d/b/a Wade Construction Company, Relator,

v.

Honorable Donald E. DALTON, Judge of the Circuit Court of St. Charles County, Missouri, Respondent.

No. 38805.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 25, 1977.

Gerald L. Birnbaum, O'Fallon, for relator.

Larry D. Nesslage, St. Charles, for respondent.

CLEMENS, Presiding Judge.

Original action in prohibition to prevent respondent circuit judge from taking jurisdiction of an appeal from a magistrate court because of an allegedly defective notice of appeal.

Relator Lyle Wade filed suit in magistrate court against Mary Nell Wade for the value of labor and materials furnished her. Defendant counterclaimed for $1,500, alleging plaintiff took possession of her automobile. The magistrate court gave plaintiff judgment for $600 and found against defendant on her counterclaim.

Defendant then filed the challenged notice of appeal: "TAKE NOTICE, that an appeal has been taken from the judgment of William T. Lohmar, Judge of the Magistrate Court of St. Charles County, Missouri, ___ District (Division) rendered on the 23rd day of August, 1976, for $600 and costs, in favor of the said Plaintiff Lyle D. Wade against the said Defendant Mary Nell Wade."

In the circuit court plaintiff-relator moved to dismiss defendant's appeal, claiming her notice of appeal was defective in that the "attempted appeal is from designated portions of the judgment. . . ." The respondent-judge denied plaintiff's motion to dismiss and accepted jurisdiction.

Relator-plaintiff's petition for prohibition followed, seeking to prohibit respondent circuit judge from proceeding with a *de novo* trial. We issued our preliminary writ. The sole question before us is whether defendant's notice of appeal to the circuit court was defective, thereby depriving respondent of jurisdiction. We think not, and quash our preliminary writ.

In a given case a magistrate court is authorized to render only one judgment—not divisible judgments—and cannot enter separate judgments on a petition and a crossclaim. Section 517.270, VAMS; *Rudy-Fick, Inc. v. Snider,* 363 S.W.2d 16[1] (Mo. App.1962). An appeal to the circuit court can only be from the complete magistrate court judgment. "A notice of appeal wherein an attempt is made to appeal . . from less than the entire judgment is insufficient to confer jurisdiction on the Circuit Court." *Gloria Lee Realty Co. v. Madigan,* 243 S.W.2d 118, 122[7] (Mo.App.1951).

The relator compares the above quoted notice of appeal with that in *Preston Plumbing, Inc. v. Melman,* 528 S.W.2d 524 (Mo.App.1975), contending that case, which found the notice of appeal defective, controls here. However, in *Preston,* at l. c. 526, this court ruled: "It is manifest from Melman's motion to amend its notice of appeal and from the various memoranda of law filed with the circuit court on behalf of Melman that initially Melman fully intend-

ed to appeal only a portion of the judgment." Here, we have no motion to amend the notice of appeal nor memoranda of the type ruled in *Preston* and find it distinguishable and not dispositive of the issue now before us.

Relator cites two additional cases discussed in *Preston* which we find inapposite. In *Rudy-Fick,* supra, the plaintiff appealed on "plaintiff's petition *only* (our emphasis)." In *Gloria Lee Realty Co.,* supra, there was no final judgment; the parties appealed from the verdict on plaintiff's petition and the jury verdict on the first and fourth counts and crossclaims. The court found the parties "were attempting to restrict a trial in the circuit court to only part of the issues in the case."

■ We have no explicit restriction here and find the case of *Davenport Vinegar & Pickling Works v. Shelley,* 280 Mo. 393, 217 S.W. 267 (1920) controlling on the issue now presented.

*Davenport* is best understood by considering the underlying case before the Springfield Court of Appeals, 196 S.W. 1035 (Mo. App.1917), certified to the supreme court upon the dissent of Allen, J. There, judgment before a justice of the peace was for plaintiff on its petition and against defendant on his counterclaim. As here, defendant filed a notice of appeal from the judgment in favor of plaintiff for $203.62, without mentioning defendant's counterclaim. The circuit court dismissed the appeal on the ground "the notice [of appeal] did not describe the judgment . . . ."

The court of appeals upheld dismissal of the appeal, but in his dissenting certification—later followed by the supreme court— Judge Allen declared: "That the notice does not mention the judgment on the counterclaim cannot affect its validity, since the statute merely requires enough to specify the judgment appealed from . . . The statute does not require that the judgment be fully described, but merely provides that it state 'the fact that an appeal has been taken from the judgment therein specified.' . . . It is manifest that the appellee in fact had notice that an appeal had been

taken in the case, which is all that the statute contemplates. And having thus been notified, appellee ought not to be permitted to come into the court where the appeal is pending and secure any advantage by reason of formal defects or inadvertent errors in the notice, which did not in fact mislead or prejudice it."

Upon transfer to the supreme court, the circuit court's dismissal of the appeal was reversed as Judge Allen had urged, and the cause remanded for trial in the circuit court. The court pointed out that, as here, "the judgment included a finding for plaintiff on defendant's counterclaim [but] the counterclaim is not mentioned in the notice [of appeal]." In upholding the notice of appeal the supreme court reasoned: "The question for determination is whether the notice served would necessarily inform plaintiff of the identity of the judgment appealed from, and whether in fact it did so inform the plaintiff. . . . The notice is sufficient to inform, and in fact did inform, the plaintiff's attorneys that the appeal was taken in the case actually appealed from. That is, the judgment was sufficiently 'therein specified' to inform counsel which judgment it was."

In sum, as in *Davenport,* the judgment here included a judgment against defendant on her counterclaim, but in the notice of appeal the counterclaim was not separately mentioned. The supreme court held such a notice of appeal is sufficient, notwithstanding this omission. We are bound by the decision in *Davenport* and conclude the respondent circuit judge properly assumed jurisdiction.

We hold our preliminary writ was improvidently granted and is now ordered quashed.

DOWD and SMITH, JJ., concur.