Tom COOK and Betty Jo Cook,
Plaintiffs-Appellants,

v.

AMERICAN MAINTENANCE CO.,
Defendant-Respondent.

No. 40870.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1979.

Roesel & Scher, Isadore Scher, Clayton, for plaintiffs-appellants.

Richard B. Dempsey, David L. Baylard, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiffs-appellants, as lessors, filed suit in magistrate court[1] against defendant-respondent, as lessee, for two months past due rent. Defendant counterclaimed for damages as a result of plaintiffs' alleged negligence in the maintenance of the leased premises. The magistrate court's judgment was for defendant on plaintiffs' petition and for plaintiffs on defendant's counterclaim. Both parties appealed to the St. Louis County circuit court. Plaintiffs' appeal recited that it was from the judgment rendered in magistrate court "for $No and costs, in favor of said Defendant against the said Plaintiff". Defendant's appeal[2]

---

1. Suit was filed and tried in magistrate court prior to January 2, 1979.

2. For some esoteric reason, unexplained in the record or briefs, plaintiffs have chosen to de-

recited that it was from the judgments on plaintiffs' petition and the defendant's counterclaim. The two appeals were properly consolidated for circuit court appeal. Subsequently, defendant filed a motion in the circuit court to dismiss plaintiffs' appeal as being from only a portion of the judgment as no mention was made about the judgment on defendant's counterclaim. In something entitled "Plaintiffs' Motion to Dismiss Defendant's Motion to Dismiss", the plaintiffs argued that failure to make reference to a counterclaim in a notice of a magistrate appeal does not invalidate the appeal when there is no express intention to exclude the counterclaim from the appeal, citing *Davenport Vinegar & Pickling Works v. Shelley*, 280 Mo. 393, 217 S.W. 267 (1920). On motion of defendant, the circuit court dismissed both parties' appeals. We must reverse and remand.

 The identical situation which confronts us was presented in *State ex rel. Wade v. Dalton*, 559 S.W.2d 47 (Mo.App. 1977). In citing *Davenport Vinegar & Pickling Works v. Shelley*, supra, this court held that a notice of appeal, which was a replica of the one filed here by plaintiffs, was sufficient despite the failure to specifically mention a counterclaim.[3] Although plaintiffs' brief seems to willfully abandon their only valid issue on appeal, after having raised it in their motion to the trial court, redemption for them is found in Rule 84.-13(c). Any holding contrary to a finding of sufficiency in plaintiffs' notice of appeal would result in manifest injustice and, thus, plain error. To hold otherwise would be a misstatement of the law and a rendition of improper legal rubric. *State ex rel. Wade v. Dalton*, supra.

Plaintiffs also claim that the circuit court is without jurisdiction to consider the appeal, but we reject that argument.

nominate the defendant's notice of appeal as a "supplemental appeal".

**3.** *But see: Preston Plumbing, Inc. v. Melman*, 528 S.W.2d 524 (Mo.App.1975); *Rudy-Fick, Inc. v. Snider*, 363 S.W.2d 16 (Mo.App.1962); *Gloria Lee Realty Co. v. Madigan*, 243 S.W.2d 118 (Mo.App.1951), in which the intent to re-

Plaintiffs further assert that the magistrate judgment was incomplete since there was no award regarding possession of the leased premises. There is no evidence in plaintiffs' petition or the record that the action instituted was for possession of the premises. Separate actions for possession and rent are provided under §§ 441.200 and 535.010, RSMo 1969. There was nothing for the magistrate court to consider with regard to possession.

The judgment is reversed and remanded.[4]

REINHARD, P. J., and CRIST, J., concur.

strict an appeal to only a portion of the judgment was manifest from the notice of appeal.

**4.** Defendant has moved to dismiss plaintiffs' appeal for violation of Rule 84.04. And, indeed, plaintiffs' brief is no paradigm to follow. But in view of our holding we must deny the motion to dismiss.