Ellyn HLOBEN and Steven
Hloben, Respondents,

v.

Jerry HENRY d/b/a Henry's
Automotive, Appellant.

No. 46311.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 25, 1983.

Danieal Howard Miller, Columbia, for appellant.

Jack Russell Itzkowitz, St. Louis, for respondents.

CRANDALL, Judge.

Defendant Jerry Henry d/b/a Henry's Automotive, appellant herein, appeals from the order of the Circuit Court of St. Louis County dismissing his "appeal" or application for trial de novo from a judgment entered by the Associate Division of the Circuit Court of St. Louis County. We reverse and remand.

Plaintiffs Ellyn and Steven Hloben, respondents herein, filed suit against defendant in the associate circuit court and defendant filed a counterclaim. A jury-waived trial was held on April 15, 1982, and plaintiffs prevailed upon both their claim and on defendant's counterclaim. On April 26, 1982,[1] defendant filed a "notice of appeal" which, on its face, appealed only the judgment rendered in favor of Ellyn Hloben. The notice did not mention the judgment rendered in favor of Steven Hloben and did not mention the adjudication of the counterclaim. On April 29, 1982, defendant's counsel filed an "application for trial de novo" in the associate circuit court, which had purportedly been mailed to opposing counsel on April 23, 1982.

Thereafter, plaintiffs filed a motion to dismiss in the circuit court based on the fact that defendant did not appeal from the entire judgment. After hearing, the motion was sustained and this appeal ensues.

The two issues presented are (1) whether defendant's "notice of appeal" was insufficient to confer jurisdiction on the circuit court because he only "appealed" part of the judgment and omitted one of the plaintiffs' names, contrary to the prescription of § 512.280, RSMo (1978), and (2) whether the "application for trial de novo" filed more than ten days after the judgment constituted an amendment which cured any alleged deficiency in the previously filed document.

■ Before dealing specifically with the issues, it is perhaps instructive to examine the pertinent statutory changes implemented by the Court Reform and Revision Act of 1978, 1978 Mo.Laws 696 (Court Reform Act). This case involves a type of case that would have been cognizable before a magistrate prior to the Court Reform Act. It therefore falls within § 512.180.1, RSMo (1978), which provides in pertinent part: "Any person aggrieved by a judgment in a case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo." The method for perfecting this *right of a new trial* is found in § 512.190.1, RSMo (1978), providing that the right shall be perfected by filing an application for trial de novo with the clerk of the associate circuit court within ten days after the judgment is rendered. This is in contrast to a direct appeal to the court of appeals provided for by § 512.190.2, RSMo (1978) for cases within § 512.180.2, RSMo (1978). The case law uses the terms "appeal" and "trial de novo" interchangeably. However, it is important conceptually to recognize that § 512.180.1 cases do not involve an "appeal" to the circuit court but rather, the right to an automatic new trial of the entire case. *See generally,* Cohen, *Civil Practice Before Associate Circuit Judges Since the Court Reform,* 37 J.Mo.Bar 217, 221 (June 1981); *see also, Plaza Point Investments, Inc. v. Dunnaway,* 637 S.W.2d 303 (Mo.App.1982).

■ Even on the sparse record before us, it is apparent how the confusion caused this difficulty to arise. Defendant's attorney filed a document which would have properly perfected the defendant's right to a new trial. However, the document was received by the clerk of the associate court more than ten days after judgment was rendered. The defendant, on the other hand, ran afoul of technical compliance by using an antiquated "magistrate notice of appeal" form. Assuming that it was correctly completed, this form would have been adequate prior to the Court Reform Act, because the former statute was phrased in terms of "appeal" and "notice of appeal" from magis-

---

1. April 25, 1982, was a Sunday.

trate judgments. § 512.190, RSMo (1969). Today, however, this form is a trap for the uninformed and therefore its use is to be discouraged. While the associate court is not required to supply forms to litigants in § 512.180.1 cases, if forms are supplied they should be the correct ones.

Section 512.190.1 is "explicit and free from ambiguity or doubt." *Essner v. Reynolds,* 621 S.W.2d 551, 553 (Mo.App. 1981). Simply stated, filing an application for trial de novo within ten days of judgment perfects a right of new trial and avoids extended litigation over a relatively routine procedure.

We turn now to the specific issues raised in this case. Despite defendant's inartful method of attempting to perfect his right to a new trial, we hold that the "notice of appeal" filed by defendant was sufficient to confer jurisdiction on the circuit court. The trial in the circuit court must be the complete cause tried in the associate court. § 512.280, RSMo (1978); *State ex rel. Wade v. Dalton,* 559 S.W.2d 47 (Mo.App.1977). Portions of the case may not be deleted. *Preston Plumbing, Inc. v. Melman,* 528 S.W.2d 524 (Mo.App.1975). The notice, however, is sufficient if it adequately designates the case being "appealed." This is so even if the notice omits the name of one of the plaintiffs, *Rickermann Auto Body, Inc. v. Laughlin,* 526 S.W.2d 934 (Mo.App.1975), or unintentionally omits a counterclaim, *State ex rel. Wade v. Dalton,* 559 S.W.2d at 47. We are mindful of the words of our Supreme Court which, in considering the analogous situation of a trial de novo after the trial of an ordinance violation before a municipal judge, indicated that earlier cases had properly focused "not on the form of the notice or affidavit for appeal, but on the accomplishment of the purpose of the notice and, upon whether from the notice a reasonable person could readily discern the appellant's intent." *City of Lake Winnebago v. Sharp,* 652 S.W.2d 118, 121–22 (Mo. banc 1983). The court also cited with approval cases liberally construing the predecessors to § 512.190 which held that notice was suffi-

cient if it identified the case and informed the respondent of the "appeal." *Id.* at 121. Here, the notice was sufficient to inform plaintiffs' counsel which judgment was being "appealed." The cause number was correctly transcribed, the amount of the judgment rendered by the associate court was correct, and the first-named parties on each side are listed. The omission of the counterclaim was not fatal because here, unlike *Preston Plumbing, Inc. v. Melman,* 528 S.W.2d at 524, there is no manifest intent to exclude the counterclaim. The document in question, while not a model to be emulated, was sufficient to confer jurisdiction on the circuit court. To hold otherwise would be to put form over substance and be a misapplication of the law.

In view of our disposition of defendant's first contention, it is unnecessary to consider the other point raised. The order of the trial court dismissing defendant's application for trial de novo is reversed and the cause is remanded.

KAROHL, P.J., and REINHARD, J., concur.