**COX STANDARD STATION, INC., Appellant,**

v.

**David A. TAYLOR and Tina M. Taylor, Respondents.**

**No. WD 35694.**

Missouri Court of Appeals, Western District.

Dec. 4, 1984.

Robert E. Gould, Kansas City, for appellant.

James Michael Tobin, Kansas City, for respondents.

Before TURNAGE, C.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is an appeal from the circuit court judgment in the nature of a dismissal of an

application for a trial de novo. The appeal is dismissed.

In summary, appellant charges that the trial court erred in granting respondents' motion to dismiss appellant's application for a trial de novo because (1) the trial court erroneously concluded the application for a trial de novo did not seek the appeal of the entire judgment, and (2) the trial court erroneously entered two distinct judgments in violation of § 517.270, RSMo 1978.

The facts relative to the original claims and defenses between the parties have no real importance as regards this appeal. It suffices to state that appellant, Cox Standard Station (hereinafter Cox) filed this action against respondents, David and Tina Taylor (hereinafter Taylor) to recover for repairs made to the Taylors' automobile. The Taylors filed a two-count counterclaim, contending that Cox had caused them damages upon a breach of warranty to repair in a workmanlike manner, and for negligent repair of their vehicle. The issues were tried to the associate circuit court. The court found for Cox upon its claim in the sum of $489.91. The court also found for the Taylors on their counterclaim in the sum of $2,000.00. Cox then filed its application for trial de novo in the circuit court. This application reads as follows:

APPLICATION FOR TRIAL DE NOVO

Application is hereby made by Cox Standard Station, Inc. for a trial de novo before a Circuit or Associate Circuit Judge from the judgment entered against him/her in this cause on October 6, 1983, by Judge Baker, Associate Circuit Judge. This appeal is only taken as to the court's finding in favor of Defendants on Defendants Count II.

/s/ Matthew J. Stretz

*October 14, 1983*

The application was filed October 17, 1983. On October 24, 1983, the Taylors filed a motion to dismiss the application, asserting that the circuit court was without jurisdiction because Cox had appealed only a specific portion of the judgment from the associate circuit court. The circuit court sustained the motion upon a finding that it lacked jurisdiction. This appeal followed the judgment of dismissal.

■ The issue before this court is whether the dismissal by the circuit court for lack of jurisdiction was proper. Where a party attempts to appeal only a portion of the total judgment, the appeal is defective and confers no jurisdiction on the circuit court. *Preston Plumbing, Inc. v. Melman*, 528 S.W.2d 524, 526 (Mo.App.1975).

While Cox asserts before this court that its application is simply an appeal from a net judgment, the fact remains that the appeal was *only taken* as to a portion of the judgment, to wit, Count II of the Taylor's counterclaim. There is no express reference to a net judgment, nor can any such inference be drawn from the application for a trial de novo.

To support its argument, Cox cites to *Rickermann Auto Body, Inc. v. Laughlin*, 526 S.W.2d 934 (Mo.App.1975). The reliance upon *Rickermann* is misplaced, as it was previously distinguished in *Melman*, because *Rickermann* involved an unintentional omission of a party's name in the notice of appeal from an associate circuit court (formerly the magistrate court) judgment. The facts in the instant case distinguish it from *Rickermann*, just as was *Rickermann* distinguished in *Melman*.

■ Other authority cited by Cox include *Hloben v. Henry*, 660 S.W.2d 431 (Mo.App. 1983), *Cook v. American Maintenance Co.*, 588 S.W.2d 171 (Mo.App.1979), *State ex rel. Wade v. Dalton*, 559 S.W.2d 47 (Mo.App.1977) and *Davenport Vinegar & Pickling Works v. Shelley*, 280 Mo. 393, 217 S.W. 267 (1920). It serves no purpose to discuss these authorities, as a reading of them will disclose they can be distinguished from *Melman*, *Rudy-Fick, Inc. v. Snider*, 363 S.W.2d 16 (Mo.App.1962), *Gloria Lee Realty Co. v. Madigan*, 243 S.W.2d 118 (Mo.App.1951) and the present case. In the instant case, it is clear that the Cox application for a trial de novo specifically manifested an intent to appeal only from Count

II of the Taylors' counterclaim. To derive a contrary conclusion would call upon this court to ignore the plain expression, meaning, and obvious intent of the wording within the application.

■ Before this court, Cox also seeks an order nunc pro tunc to correct the "clerical omission" of the court to change the judgment entered to read in favor of the Taylors in a net sum of $1,510.09. A clerical error has been defined as a mistake in writing or copying. Such *clerical* errors and not *judicial* errors can be corrected by an order nunc pro tunc. *Gordon v. Gordon*, 390 S.W.2d 583 (Mo.App.1965). Even if this court were to decide that the alleged error was clerical as opposed to judicial, this court does not have jurisdiction over the records of the associate circuit court for such purpose. Even if a trial court loses jurisdiction when an appeal is taken, it does not lose jurisdiction of its records. *Vaughn v. Kansas City Gas Co.*, 236 Mo. App. 669, 159 S.W.2d 690, 693 (1942). Cox

is left to the correction of any record upon application for such relief within the associate circuit court.

■ The circuit court ruled correctly that it lacked jurisdiction because of the defect in the Cox application for trial de novo. This court's jurisdiction, being derivative from the circuit court, is also without jurisdiction. Because point (1) has been so determined, it is not necessary, nor is there any basis, to take up and dispose of point (2).

The appeal is dismissed.

All concur.